IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

COLEEN D. SABATINO,

    Plaintiff,

v.                                                Civil Action No. 1:17CV72
                                                              (STAMP)
RICHARD A. PILL, ESQ. and
WEST VIRGINIA HOUSING DEVELOPMENT
FUND, a public body corporate
and governmental instrumentality
of the State of West Virginia,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO DISMISS COMPLAINT
AND DENYING AS MOOT PLAINTIFF'S MOTION
FOR A TEMPORARY RESTRAINING ORDER**

I.    Background

The pro se[1] plaintiff, Coleen D. Sabatino, filed a complaint and motion for a temporary restraining order to prevent the foreclosure sale of property situated at 2083 Pinecrest Drive, Morgantown, Monongalia County, West Virginia. Defendant West Virginia Housing Development Fund ("WVHDF") holds a lien on the property, and defendant Richard A. Pill, Esq. ("Pill") is the trustee to whom the property has been assigned. The plaintiff purchased the home in 2009 for $200,000.00, and she financed $131,500.00 of the purchase price with a loan from United Bank, which was secured by a deed of trust. United Bank then assigned

---

[1] "Pro se" describes a person who represents herself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

the promissory to WVHDF. The plaintiff later obtained a home equity loan from United Bank, also secured by a deed of trust, which is subordinate to that of WVHDF.

The plaintiff defaulted on her loan obligation to WVHDF in February 2015. On April 7, 2015, WVHDF entered into a Special Forbearance Agreement with the plaintiff, which suspended payments from April to June 2015. On July 30, 2015, WVHDF entered into a second Special Forbearance Agreement with the plaintiff, which suspended payments from July to September 2015. On November 10, 2015, WVHDF entered into a third Special Forbearance Agreement with the plaintiff, which suspended payments from November 2015 to January 2016.

The plaintiff then requested further loss mitigation and submitted a hardship affidavit in February 2016. On June 22, 2016, WVHDF accepted the plaintiff's loan modification request, but the acceptance was contingent on the plaintiff making three test payments. The plaintiff never made any of the three required test payments and, accordingly, WVHDF denied her application for a loan modification.

In August 2016, the plaintiff notified WVHDF that she had listed the property for sale with a realtor. On September 7, 2016, WVHDF informed the plaintiff that she would have 60 days to sell the property before WVHDF would commence foreclosure proceedings. After the plaintiff listed the property for sale, she moved out of

the home and into a different residence in Preston County, West Virginia. The 60-day period before foreclosure proceedings would commence expired on November 7, 2016, at which point the plaintiff had not sold the property. However, WVHDF took no immediate action to foreclose on the property, and the property remained listed for sale. On November 22, 2016, WVHDF provided the plaintiff with a notice of its right to cure default and, the same day, the plaintiff entered into a contract to sell the property. The contract indicated that the sale was to commence on or before January 22, 2017.

The sale of the property did not occur. On April 17, 2017, WVHDF provided the plaintiff with notice that the property would be sold at auction on May 10, 2017. On May 8, 2017, the plaintiff's realtor informed WVHDF that there was another offer on the plaintiff's property from the same buyers who had entered into the earlier November 22, 2016 contract to purchase the property from the plaintiff. Also on May 8, 2017, the plaintiff filed her complaint and motion for a temporary restraining order with this Court.

This Court initially scheduled a hearing on the plaintiff's motion for a temporary restraining order. The defendants then filed a motion to continue the hearing, representing that the May 10, 2017 foreclosure sale of the property had been rescheduled for June 21, 2017, pursuant to the defendants' agreement with the

3

plaintiff to delay the sale.  That motion also indicated that the agreement to delay the foreclosure sale was based on the plaintiff's representation of the pending sale of the subject property and that the agreed delay would allow the sale to be completed.  The Court granted the defendants' motion to continue and stayed the case.

At the Court's direction, the defendants timely filed a status report, which indicated that the sale of the subject property did not occur, that defendant WVHDF has received no payments on the subject loan from the plaintiff since February 2015, and that the foreclosure sale had been postponed a second time, until August 8, 2017.  The status report also asked the Court to set a briefing schedule for dispositive motions.  Pursuant to the status report, the Court lifted the stay of this civil action and established a briefing schedule.

The defendants timely filed their motion to dismiss.  In their motion, the defendants argue that the complaint identifies no cause of action and few non-conclusory allegations.  The Court issued a Roseboro[2] notice to the pro se plaintiff, and the plaintiff timely filed her response to the defendants' motion to dismiss.  The defendants then filed a reply to the plaintiff's response.  The defendants also filed a response to the plaintiff's motion for a temporary restraining order.  After the full briefing of the

---

[2] Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

motions, counsel for the defendants informed the Court that the foreclosure sale has again been postponed, this time until September 20, 2017. For the following reasons, the Court grants the defendants' motion to dismiss and denies as moot the plaintiff's motion for a temporary restraining order.

## II. Applicable Law

### A. Motion to Dismiss

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

It has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a

motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

B.  Motion for Temporary Restraining Order

The standard for granting injunctive relief in this circuit is set forth in International Refugee Assistance Project v. Trump, 857 F.3d 554 (4th Cir. 2017), cert. granted, 137 S. Ct. 2081 (2017). "A preliminary injunction is an 'extraordinary remedy,' which may be

6

awarded only upon a 'clear showing' that a plaintiff is entitled to such relief." Int'l Refugee Assistance Project, 857 F.3d at 607-08 (citing Real Truth About Obama, Inc. v. Federal Election Commission, 575 F.3d 342 (4th Cir. 2009) (citing Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7 (2008))). Under the Fourth Circuit standard of review, "[a] preliminary injunction must be supported by four elements: (1) a likelihood of success on the merits; (2) that the plaintiff likely will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the plaintiff's favor, and (4) that a preliminary injunction is in the public interest." Id. at 608 (citing Real Truth, 575 F.3d at 346).

## III. Discussion

A. Motion to Dismiss

Even construing the pro se complaint liberally and in the light most favorable to the plaintiff, this Court finds that the plaintiff has failed to state a claim for which relief can be granted. The plaintiff alleges in her complaint that she "expressly and completely adhered to the strictures, regulations and directives of [WVHDF]." ECF No. 1 at 3. However, the plaintiff does not identify what strictures or directives she allegedly followed, or what she did to adhere to them. And, as the defendants note, the plaintiff did not complete her application for loss mitigation, which required that three test payments be made

7

before the plan would be enacted.  After the plaintiff defaulted on her loan obligation, WVHDF invited her to apply for a loss mitigation plan, which was contingent on the plaintiff making the three monthly test payments.  ECF No. 15, Ex. B.  But the loss mitigation plan was never implemented because the plaintiff did not make any of the three required payments.  Thus, the plaintiff cannot support her claim that she adhered to the directives of WVHDF.

The complaint also fails to state any allegations giving rise to a finding that WVHDF violated any provision of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.  The plaintiff asserts that WVHDF violated 12 C.F.R. § 1024.38, a RESPA regulation, because, in response to the plaintiff's request for a lower monthly payment, WVHDF lowered the plaintiff's monthly payment only by $60.00, from $882.04 to $822.04.  However, the defendants are correct in their argument that § 1024.38 is inapplicable because it provides only that a lender enact policies that effectuate providing information to a borrower.  The regulation does not mandate that a loan servicer lower payments by a certain minimum amount, or even that a loan servicer offer loss mitigation options at all.  12 C.F.R. § 1024.41(a) ("Nothing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option.").  Thus, the plaintiff has not stated any claims giving rise to a RESPA violation.

Additionally, RESPA does not provide for injunctive relief. In establishing RESPA, Congress "did not mention injunctive relief as an available remedy for private citizens." Minter v. Wells Fargo Bank, N.A., 593 F. Supp. 2d 788, 796 (D. Md. 2009). Section 2615 of RESPA specifically provides that "[n]othing in this chapter shall affect the validity or enforceability of any sale or contract for the sale of real property or any loan, loan agreement, mortgage, or lien made or arising in connection with a federally related mortgage loan." 12 U.S.C. § 2615; see also Everbank v. Shrine, No. DBDCV 146014362S, 2015 WL 2344728, at *8 (Conn. Super. Ct. Apr. 15, 2015) ("A violation of RESPA is, however, not a valid defense to a foreclosure action."). Thus, the plaintiff's claim for injunctive relief under RESPA must also be dismissed for that reason.

Furthermore, no plausible cause of action arises from the plaintiff's allegations that WVHDF counseled the plaintiff against selling the home and prevented her from renting the home. ECF No. 1 at 3. The allegations do not support a cause of action because WVHDF had no legal duty to permit the plaintiff to lease the home. Additionally, the need for a trustee's sale arises from the plaintiff's failure to make payments on her loan since February 2015, not from the fault of the defendants. The plaintiff admitted in an affidavit that she had the opportunity to sell the home in February 2017 for $232,000.00, but declined the offer, even though

the sale would have covered all liens on the property and left the plaintiff with approximately $60,000.00.  ECF No. 18-1 at 2.

The plaintiff also has not identified any recoverable damages.  The plaintiff cannot state a claim under RESPA unless she pleads that she "suffered actual damages" as a result of the defendants' RESPA violation.  Luciw v. Bank of Am., N.A., No. 5:10CV02779, 2011 WL 566833, at *4 (N.D. Cal. Feb. 15, 2011).  The plaintiff alleges that her damages include interest, principal, late fees, insurance, and taxes associated with her loan.  ECF No. 1 at 3-4.  However, the plaintiff has not paid any of those amounts since the loan went into default status in February 2015.  The plaintiff further claims as damages routine homeowners expenses and the amount of her equity in the home.  ECF No. 1 at 3-4.  Those damages are not recoverable because it is speculative for the plaintiff to say when the home would have been sold or for how much it would have been sold.  The plaintiff also requests compensation for emotional injury, but such damages are not cognizable under RESPA.  Ayres v. Ocwen Loan Servicing, LLC, 129 F. Supp. 3d 249, 266 n.24 (D. Md. 2015) (citing Offiah v. Bank of Am., N.A., No. DKC-13-2261, 2014 WL 4295020, at *3-4 (D. Md. Aug. 29, 2014)).

Lastly, the plaintiff has not alleged any wrongdoing on the part of defendant Pill, and, thus, the complaint against him must be dismissed.  The plaintiff's only allegation as to defendant Pill is that, as the trustee under the deed of trust, he published a

10

notice of the trustee's sale in the newspaper "in violation of the Loss Mitigation plan proffered by Plaintiff and accepted by Defendant WVHDF to sell 'The Property' for fair market value." ECF No. 1 at 7. However, such publication was not wrongful because West Virginia Code § 38-1-4 requires that notice of a trustee's sale of real property be published as a Class II legal advertisement. Additionally, the plaintiff and WVHDF never entered into a loss mitigation plan because the plan was contingent on the plaintiff making three test payments, which she never did. Thus, defendant Pill could not have been in violation of any loss mitigation plan.

For those reasons, the defendants' motion to dismiss the complaint must be granted.

B. <u>Motion for Temporary Restraining Order</u>

Because the Court grants the defendants' motion to dismiss the complaint, the motion for a temporary restraining order must be denied as moot. Additionally, the Court finds that the motion would nonetheless be denied on the merits pursuant to an analysis under the four <u>International Refugee</u> factors for preliminary relief.

Looking at the first of the four factors, the Court finds that the plaintiff is unlikely to succeed on the merits. The plaintiff cannot succeed on the merits for the same reasons discussed above in granting the defendants' motion to dismiss. Namely, the

plaintiff has not alleged any facts giving rise to a cause of action. No facts alleged in the complaint support a finding that WVHDF violated any provision of RESPA. Furthermore, WVHDF had no legal duty to permit the plaintiff to lease the home, and the plaintiff refused an offer to purchase the home even though the sale would have covered all liens on the property.

Second, the Court finds that the plaintiff has failed to show that she will likely suffer irreparable harm without preliminary relief. The plaintiff must show "that injury is certain, great, actual and not theoretical." Harper v. Blagg, No. 2:13CV19796, 2014 WL 3750023, at *2 (S.D. W. Va. May 21, 2014) (quoting Tanner v. Fed. Bureau of Prisons, 433 F. Supp. 2d 117, 125 (D.D.C. 2006)). Furthermore, "[w]here the harm suffered by the moving party may be compensated by an award of money damages at judgment, courts generally have refused to find that harm irreparable." Hughes v. Network Sys., Inc. v. InterDigital Comm's Corp., 17 F.3d 691, 694 (4th Cir. 1994). Here, the plaintiff will not suffer irreparable harm in the event of foreclosure because any resulting loss could be compensated by an award of money damages at judgment if her claim was successful.

Third, the Court finds the balance of equities tips in favor of the defendants. The balance of equities cannot tip in favor of the plaintiff because she has not made any payments on her loan since February 2015. Furthermore, the plaintiff does not reside at

the home at issue and, thus, is not at risk of losing her primary residence in the event of foreclosure.  The balance of equities must tip in favor of the defendants because WVHDF has the legal right to foreclose, particularly after more than two years of not receiving any mortgage payments from the plaintiff.

Lastly, the Court finds that the public interest is in favor of the defendants.  As the defendant points out, it is in the public interest to allow lenders to foreclose in the event of non-payment for the purpose of keeping interest rates low for other borrowers.  If the Court were to take away from mortgage lenders the recourse of foreclosure, there would be no way to mitigate the risk of loss to mortgage lenders.  It is not in the public interest to incentivize borrowers to cease payments on mortgage loans and then have a court enjoin the mortgage lender from foreclosing until the borrower can sell the property.

For those reasons, the plaintiff's motion for a temporary restraining order would be denied on the merits even if the Court were not already denying it as moot.

## IV.  Conclusion

For the reasons set forth above, the defendants' motion to dismiss the complaint (ECF No. 14) is GRANTED and the plaintiff's motion for a temporary restraining order (ECF No. 2) is DENIED AS MOOT.  Accordingly, it is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.  The plaintiff may

appeal the final judgment of this Court to the United States Court of Appeals for the Fourth Circuit by filing a notice of appeal with the Clerk of this Court within thirty days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 14, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE