IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

COLEEN D. SABATINO,

        Plaintiff,

v.                                    Civil Action No. 1:17CV72
                                                       (STAMP)
RICHARD A. PILL, ESQ. and
WEST VIRGINIA HOUSING DEVELOPMENT
FUND, a public body corporate
and governmental instrumentality
of the State of West Virginia,

        Defendants.


                  **MEMORANDUM OPINION AND ORDER**
          **DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**
       **AND MOTION TO STAY PROCEEDINGS TO ENFORCE JUDGMENT**

                          I.  Background

     The pro se[1] plaintiff, Coleen D. Sabatino, filed a complaint and motion for a temporary restraining order to prevent the foreclosure sale of property situated at 2083 Pinecrest Drive, Morgantown, Monongalia County, West Virginia.  The defendants filed a motion to dismiss the complaint, to which the plaintiff filed a response and the defendants filed a reply.  This Court granted the defendants' motion to dismiss, and the plaintiff has now filed a motion for reconsideration of that ruling.

     In her motion, the plaintiff argues that she was not sent a briefing schedule and was not informed that the Court had lifted

---

     [1]"Pro se" describes a person who represents herself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1416 (10th ed. 2014).

the stay of the civil action, which was originally issued pursuant to the agreement of the parties. The plaintiff acknowledges that she received the Roseboro[2] notice but contends that there was prejudicial error in the Court allowing the defendants to proceed without allowing the plaintiff an opportunity to be heard. The plaintiff notes that she responded to the defendants' status report, which she argues was unilateral, argumentative, and beyond the scope of pure notice. The plaintiff also notes that she responded to the defendants' motion to dismiss and that the Court disregarded her legal analysis and argument. The plaintiff further contends that she has a viable contract for the sale of the subject property for the amount of $228,000.00. Accordingly, the plaintiff requests a stay of execution of judgment for a period of 60 days and that this Court reconsider the previous final judgment.

In response, the defendants argue that the plaintiff provides no grounds for relief under either Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b). The defendants contend that, while the plaintiff argues that she was not afforded the opportunity to be heard, she timely filed a response to the defendants' motion to dismiss and a reply to the defendants' response in opposition to her motion for a temporary restraining order. The defendants also point out that the plaintiff filed her own status report with the Court. The defendants state that the

---

[2]Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

Court made reference to the plaintiff's arguments in its order dismissing the civil action, but found that her arguments were legally untenable for various reasons. The defendants also argue that the plaintiff has provided no new facts that could not have been brought before this Court before its order dismissing the civil action.

As to the plaintiff's request for a stay of execution of judgment, the defendants contend that there is nothing to execute because the Court dismissed the plaintiff's claims and denied as moot her motion for a temporary restraining order. The defendants further contend that the request for a stay of execution of judgment fails even if construed as a request for a stay pending appeal under Federal Rule of Civil Procedure 62(c).

## II. Applicable Law

"In case where a party submits a motion . . . which is unnamed and does not refer to a specific Federal Rule of Civil Procedure, the courts have considered that motion either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order." In re Burnley, 988 F.2d 1, 2 (4th Cir. 1992).

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3)

to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "[Federal] Rule [of Civil Procedure] 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. Id. It is improper to use such a motion to ask the court to "rethink what the court has already thought through -- rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Federal Rule of Civil Procedure 60(b) permits courts to "relieve a party or its legal representative from a[n] . . . order." Fed. R. Civ. P. 60(b). Such relief "is extraordinary and is only to be invoked upon a showing of exceptional circumstances." Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979). The moving party must first "show[] a meritorious defense against the claim on which judgment was entered as a threshold condition to any relief whatsoever under the Rule." Id. The moving party must then demonstrate that one of the following grounds warrants relief:

> (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud . . . , misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Further, "where a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)." CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995) (internal quotation marks omitted).

### III. Discussion

Analyzing the plaintiff's motion under Rule 59(e), this Court first finds that the plaintiff does not allege that there has been an intervening change in controlling law or present any new evidence that was not previously available. This Court further believes that it did not commit a clear error of law or a manifest injustice in granting the defendants' motion to dismiss the complaint. This Court still finds that the complaint must be dismissed because it failed to state any allegations giving rise to a finding that the West Virginia Housing Development Fund (the "WVHDF") violated any provision of the Real Estate Settlement

5

Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. Additionally, the Court again finds that no plausible cause of action arises from the plaintiff's allegations that WVHDF counseled the plaintiff against selling the home and prevented her from renting the home. Furthermore, the Court still finds that the plaintiff did not identify any recoverable damages and that RESPA does not provide for injunctive relief. Given the underlying law, this Court still believes that the plaintiff's claims, even liberally construed, must fail under Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Because the motion to dismiss was properly granted, the Court still finds that the motion for a temporary restraining order was appropriately denied as moot. Additionally, the Court still finds that the motion for a temporary restraining order would nonetheless have to be denied on the merits pursuant to an analysis under the four International Refugee factors for preliminary relief. As such, this Court cannot find that it needs to correct manifest errors of law or fact in its order granting the defendants' motion to dismiss and denying as moot the plaintiff's motion for a temporary restraining order.

This Court further finds that none of the factors warranting relief under Rule 60(b) apply to the plaintiff's motion for reconsideration. Additionally, the plaintiff does not make any arguments in her motion that fall under any of the Rule 60(b)

factors.  The plaintiff argues that she was not afforded the opportunity to be heard, but the Court received and gave consideration to her response to the defendants' motion to dismiss, her reply to her motion for a temporary restraining order, her status update to the Court, and the attachments to her status update.  The Court did not enter its memorandum opinion and order granting the defendants' motion to dismiss until after it received and reviewed all of the plaintiff's filings.  In its memorandum opinion and order, this Court liberally construes the plaintiff's arguments and makes reference to her exhibits, including the affidavit attached to her status update.

Furthermore, the plaintiff does not present any new facts in her motion for reconsideration that could not have been brought before the Court prior to its order dismissing the civil action. The only argument contained in the plaintiff's motion for reconsideration, besides the argument that she was not afforded the opportunity to be heard, is that she has a viable contract for the sale of the subject property for the amount of $228,000.00. However, the new contract does not change the Court's analysis in its memorandum opinion and order granting the defendants' motion to dismiss.  Each of the plaintiff's claims in her complaint still fail under <u>Twombly</u>.  And, again, given that the plaintiff's complaint must be dismissed, her motion for a temporary restraining order must still be denied as moot.  Accordingly, as to the

7

plaintiff's motion to stay proceedings to enforce judgment, there is nothing to stay and the motion must be denied.

## IV. Conclusion

Based on the analysis above, this Court finds that the plaintiff's motion for reconsideration of this Court's dismissal of this civil action (ECF No. 26) and the plaintiff's motion for an order to stay proceedings to enforce judgment (ECF No. 26) are DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED: December 11, 2017

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE